UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TANYA WILLIAMS,

            Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security Operations,

           Defendant.

CASE NO. 2:18-cv-00173-DWC

ORDER FOR SUPPLEMENTAL BRIEFING

In her Opening Brief, Plaintiff contends new evidence submitted to the Appeals Council undermines the ALJ's decision. Dkt. 10 at 13-15. The new evidence includes: (1) a Physical Function Evaluation completed by Plaintiff's treating physician, Angela Lawton, M.D.; (2) medical records from the UWMC Rheumatology Clinic prepared by Dr. Nicole Kieffer, D.O.; (3) and a vocational report prepared by Tricia Cleavelin, M.A., C.R.C. Dkt. 10-1 (new evidence), AR 327 (Plaintiff's correspondence to the Appeals Council referencing the new evidence).

The Appeals Council found the new evidence "does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." AR 2. The administrative record does not contain the new evidence. *See* Dkt. 10-1, AR 327.

Plaintiff included the new evidence as an attachment to her Opening Brief and requests the Court consider the new evidence in determining whether the ALJ erred. Dkts. 10, 10-1. Plaintiff argues the new evidence should have been included in the administrative record and should be considered by this Court when determining whether the ALJ's decision is supported by substantial evidence. Dkt. 10 at 14-15 (citing *Brewes v. Commissioner of Social Sec. Admin.,* 682 F.3d 1157, 1163 (9th Cir. 2012); *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017)). Defendant contends the new evidence does not undermine the substantial evidence on which the ALJ's decision rests, and therefore, there is no cause for remand. Dkt. 11 at 4-5.

Courts may only review final agency actions, and the ALJ's decision—rather than the Appeals Council's decision to decline review—is a final agency action. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011) (citing *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008); 20 C.F.R. §§ 404.981, 416.1481. "[W]hen the Appeals Council *considers* new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes,* 682 F.3d at 1162-63 (emphasis added). However, when the Appeals Council declines to consider new evidence, and thus, does not incorporate the evidence into the administrative record, the Court may consider such evidence through Sentence Six of 42 U.S.C. § 405(g). *See, e.g.*, *Knipe v. Colvin*, 2015 WL 9480026, at *5-6 & n.7 (D. Or. 2015) (reviewing evidence submitted to, but *not* considered by the Appeals Council nor included in the administrative record, under Sentence Six of 42 U.S.C. §

405(g)); *Winland v. Colvin*, 2014 WL 4187212, at *4 (W.D. Wash. 2014) (reviewing evidence submitted to, but *not* considered by, the Appeals Council, under Sentence Six of 42 U.S.C. § 405(g)).

In the briefing, the parties did not address whether remand pursuant to Sentence Six of 42 U.S.C. § 405(g) would be appropriate if the case is remanded in light of the new evidence. Accordingly, the Court orders the parties to file supplemental briefing addressing:

- Whether Sentence Six of 42 U.S.C. § 405(g) applies to the new evidence, Dkt. 10-1, submitted to the Appeals Council, but not included in the administrative record; and
- If Sentence Six applies, whether the new evidence is material, and whether good cause exists for failing to incorporate the opinion into the record during a prior proceeding.

The supplemental briefs are limited to five pages and requests for over-length briefs will not be considered by the Court.

The briefing schedule is amended as follows:

- Plaintiff shall have up to and including August 24, 2018, to file a supplemental brief; and
- Defendant shall have up to and including September 21, 2018, to file a supplemental response brief.
- Plaintiff shall not file a supplemental reply brief unless ordered by the Court.

Dated this 25th day of July, 2018.

David W. Christel
United States Magistrate Judge